> After the probate of a will has been refused by the surrogate on the ground that it was insufficiently executed, and that the testator was mentally incompetent, he cannot admit it to probate on the statement of the executor, who is also the chief beneficiary, that the bequest to him under the will was in fact made to him as trustee for the children of the testator, whom the testator considered incompetent to manage the property.

In the matter of the probate of the last will of Joseph Eckert. Probate refused.

Chas. Newton, for Anthony Eckert, petitioner.
Charles C. Chalmers, special guardian for infant and incompetent.
Duncan Chalmers, for widow, contestant.

MARCUS, S. The proof in this case satisfactorily shows to my mind that the testator at the time of executing this will was incompetent, and did not possess testamentary capacity. It also appears that the evidence of its execution falls short of that required by the statute. The chief beneficiary in the will, who is also the executor, testified that the entire bequest mentioned in the will was given to him by his brother, the decedent, in trust, for the purpose of providing for the children of the decedent, because the testator believed his children incompetent to care for this property. The terms of the will contain no suggestion of a trust, but make the gift of all the personal and real estate, except that described as "loose" property, to the executor and chief beneficiary absolutely. The executor and chief beneficiary also testified that he made no

claim whatsoever to the bequest mentioned in the will, relinquishing all right to the same, and admitted he would receive the property only as trustee. The proponent's contention is that this will should be admitted to probate with a statement in the decree that the property is charged with a trust, as signified and explained by this executor and beneficiary. Without determining whether this testimony is admissible, this court has only such powers as are conferred by statute or by necessary implication; hence what powers are not taken from the statute do not exist. However, jurisdiction conferred over any subject-matter carries with it all powers necessary to adjudicate thereon, but conditional probate, or probate with agreements annexed, does not fall within this rule. The admission or rejection of the instrument propounded is all the surrogate is called upon to determine, after the parties for and against the probate have introduced their proofs. Upon the law and facts, the surrogate must adjudicate whether the will shall be admitted to probate, or probate refused thereon, though there is little doubt that, at least with respect to wills of personalty, the surrogate's court can deny probate or grant limited probate of a will which could not take effect by reason of some statutory prohibition. Again, the elementary rule of refusing parol evidence of statements made by a testator to vary the terms of a written will seems likewise to disapprove of the proponent's contention. Since I have determined as to the incompetency and lack of testamentary capacity of the testator, all other reasons are unnecessary to be stated. Yet this question has been urged so earnestly that I have briefly given expression to my views. A decree may therefore be entered refusing probate.

Probate refused.